NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-0275-17T4

METRO COMMERCIAL
MANAGEMENT SERVICES,
INC., and DANIEL HUGHES,

      Plaintiffs-Respondents,

v.

NANCY VAN ISTENDAL,

      Defendant-Appellant.

_____

> **APPROVED FOR PUBLICATION**
>
> **November 19, 2018**
>
> **APPELLATE DIVISION**

Argued October 10, 2018 – Decided  November 19, 2018

Before Judges Hoffman, Suter and Firko.

On appeal from Superior Court of New Jersey, Chancery Division, Burlington County, Docket No. C-000036-16.

Steven C. Forman argued the cause for appellant (Steven C. Forman, attorney; Steven C. Forman, of counsel and on the briefs; Jeffrey Zajac, on the briefs).

Benjamin W. Spang argued the cause for respondents (Dilworth Paxson LLP, attorneys; Thomas S. Biemer, Benjamin W. Spang, and Nicholas M. Donzuso, on the brief).

The opinion of the court was delivered by

FIRKO, J.S.C. (temporarily assigned).

Defendant Nancy Van Istendal appeals from an order granting summary judgment dismissal of her counterclaim asserting claims of minority shareholder oppression while employed as an at-will employee. She contends that she had a reasonable expectation of continued employment after a thirteen-year history with her former employer, and that her at-will designation was irrelevant and erroneous, even though she stipulated by way of a Consent Order that the parties' Shareholder Agreement was valid and states that she contracted to be an employee at-will. Therefore, we conclude that she could not have a reasonable expectation of continued employment and we affirm.

I.

The facts derived from the summary judgment record, viewed "in the light most favorable to [defendant,] the non-moving party[,]" Globe Motor Co. v. Igdalev, 225 N.J. 469, 479 (2016) (citing Rule 4:46-2(c)), are summarized as follows. Plaintiff Metro Commercial Management Service, Inc. (Metro) is a closely held real estate management company. In 1993, plaintiff Daniel Hughes (Hughes) incorporated Metro and became its president and sole shareholder. Defendant, an accountant, was a Metro employee at that time. As an incentive, in 2001 Hughes allowed her to become a twelve percent shareholder pursuant to a Stock Purchase and Transfer Restriction Agreement

and Metro's Chief Financial Officer (CFO). In 2002, the parties and Nina Kilroy (Kilroy), a non-party to this action, entered into a Shareholders Agreement (Agreement) providing for Metro to issue stock options to defendant for the purchase of nine shares of common stock, paid through bonuses. Her salary was $125,040 for 2003, plus annual increases based upon the lesser value of a five percent increase or the annual increase set by the Consumer Price Index. In pertinent part, the Agreement contained in the shareholder's stipulation that they were "employee[s]-at[-]will" and that they could be "terminated by [Metro] at any time for any reason." Each shareholder also agreed that upon termination of employment, the shareholder would be "deemed to have made an offer to sell the shares to Hughes, the non-selling [S]hareholder and/or [Metro] in accordance with the time and conditions of section five," which sets forth the process for selling shares. Fair market value was to be determined by averaging the appraisals chosen by each party and a neutral appraiser. Metro was entitled to redeem the outstanding shares based upon the appraisal methodology described.

In September 2015, defendant was terminated; three months later, she instituted suit seeking reinstatement of her employment with Metro and position as CFO. In her complaint, defendant alleged she was an "oppressed shareholder" under N.J.S.A. 14A:12-7(1)(c), based upon her reasonable

expectation of continued employment, notwithstanding her at-will status. Her complaint[1] was dismissed, without prejudice, with the trial court finding that her termination did not constitute shareholder oppression because her termination was authorized under the Agreement, and she had no reasonable expectation of continued employment based, in part, upon her at-will status. In April 2016, Metro filed the subject action to compel defendant to sell her shares in accordance with the appraisal method noted above.[2] Defendant filed a counterclaim, again seeking reinstatement and alleging shareholder oppression by Hughes for:

> (1) making a third-party a [ten] percent shareholder of Metro without the knowledge and consent of [d]efendant;
>
> (2) unilaterally deciding to rebrand the company including a new logo and web[]site;
>
> (3) unilaterally deciding to terminate the director of operations and human resources director;
>
> (4) unilaterally revising the employee handbook;
>
> (5) unilaterally deciding to move the Pennsylvania office of Metro;

---

[1] The prior litigation was encaptioned: <u>Nancy Van Istendal v. Metro Commercial Management Services, Inc. and David Hughes</u>, C-121-15.

[2] Metro's complaint was settled based upon a Consent Order that defendant's shares would be appraised and sold in accordance with the Agreement.

(6) unilaterally negotiating the buyout of a retiring shareholder; and

(7) negligently and/or intentionally mismanaging Metro in an effort to devalue the shares of Metro to the detriment of [defendant].

After thirteen years of employment with positive performance reviews, defendant asserted that "her termination without cause violated her reasonable expectation of continued employment even though she was an at-will employee." Claims of breach of fiduciary duty and tortious interference were also pled. In her Statement of Reasons, dated March 10, 2016, relative to the first lawsuit, Judge Paula T. Dow found that "the [Agreement] controls and [defendant] did not have a reasonable expectation of continued employment." Accepting all of defendant's allegations as true, under Rule 4:6-2(e), the judge could not "glean the fundament of a cause of action" by defendant, or that "Hughes abused his authority as an officer and director of [Metro]." Defendant "did not have a reasonable expectation of continued employment" and she was "not without recourse since the [Agreement] provides a repurchase option for [her] stocks." The judge dismissed defendant's complaint without prejudice, and therefore she contends that her claims remain viable.

Following discovery in the matter on appeal, Metro moved for summary judgment on defendant's counterclaim, on the grounds that: (1) defendant did

not prove minority shareholder oppression; (2) Hughes did not mismanage Metro, but rather made "routine business decisions;" and (3) pursuant to the Agreement, Hughes's shares were not restricted, and he was not required to seek defendant's approval before transferring any of his shares.

In Judge Dow's Statement of Reasons dated August 4, 2017, she stated:

> The court finds conclusive Section [nine] (iii) of the [Agreement], which specifically states that [d]efendant was an at-will employee, and could be terminated "at any time for any reason." In light of this provision, the court cannot find that [d]efendant had a reasonable expectation of continued employment. Accordingly, [d]efendant's reasonable expectations as a minority shareholder were not violated when her employment was terminated.

The motion was granted and the counterclaim was dismissed. This appeal followed.

Defendant raises the following points on appeal:

> POINT I:
>
> THE CHANCERY DIVISION COMMITTED PLAIN ERROR BY HOLDING THAT THE DEFENDANT'S EMPLOYMENT AT[-]WILL STATUS, IN AND OF ITSELF, PRECLUDED A FINDING THAT SHE HAD NO CONTINUED EXPECTATIONS OF EMPLOYMENT.
>
> A.  Oppression In a Close Corporation Under N.J.S.A. 14A:12-7(1)(c) Is Broader [t]han Oppressive Conduct [i]n Traditional Corporate Law Rules, and Includes All Conduct [that]

Frustrates a Shareholder's Reasonable Expectations.

B. Termination of an At[-]Will Employee Shareholder Without Cause [t]hat Frustrates the Shareholder's Continued Expectations of Employment Constitutes Oppression Under N.J.S.A. 14A:12-7(1)(c).

C. Because the Plaintiff Had Reasonable Expectations of Continued Employment, Her Termination by Metro Constitutes Oppressive Conduct Under N.J.S.A. 14A:12-7(1)(c).

D. "At[-]Will" Employment Status Is Irrelevant to Whether a Shareholder Has a Reasonable Expectation of Employment Under N.J.S.A. 14A:12-7(1)(c).

In her appeal, defendant argues that the trial judge erred by granting summary judgment in favor of plaintiffs. We review a grant of summary judgment de novo, observing the same standard as the trial court. Townsend v. Pierre, 221 N.J. 36, 59 (2015). Summary judgment should be granted only if the record demonstrates there is "no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c). We consider "whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995). If no genuine issue of material

7

fact exists, the inquiry then turns to "whether the trial court correctly interpreted the law." DepoLink Court Reporting & Litig. Support Servs. v. Rochman, 430 N.J. Super. 325, 333 (App. Div. 2013) (citations omitted).

## II.

We first address defendant's contention that corporate conduct can serve as a basis of shareholder oppression, and that Hughes failed to exercise his fiduciary duty to defendant. The trial court must evaluate the corporation's need to manage its daily affairs, yet consider what "frustrates the reasonable expectations of the minority shareholder." Muellenberg v. Bikon Corp., 143 N.J. 168, 179 (1996). Defendant argues that Hughes "negligently and/or intentionally mismanage[d] Metro in an effort to devalue shares" to her detriment. In evaluating the merits of defendant's counterclaim, the judge found defendant admitted that Hughes "always served as President of Metro . . . [and] [d]ecisions as to the basic, day[-]to[-]day operations of the company, particularly those decisions concerning marketing, operations, and employment, clearly fall within the purview of Metro's president." Defendant's reliance on Muellenberg is unfounded since that case had nothing to do with an at-will employee status. The Agreement here is a clear example of "the understanding of the parties concerning their roles in corporate affairs." Muellenberg, 143 N.J. at 177. The Supreme Court went on to state "[t]he

limited basis for statutory relief reflects an awareness that minority shareholders know the limitations of their power at the time they make their investment in a close corporation." Muellenberg, 143 N.J. at 180. As CFO, the judge concluded that defendant did not have "a reasonable expectation that her opinion would be taken into account with respect to these decisions." As to the buy-out of Kilroy's shares, the judge found that defendant executed a Redemption Agreement approving same without demanding an appraisal of Kilroy's interest. This does not speak of shareholder oppression. We agree.

We next address defendant's contention that her at-will status implied a continued expectation of employment with Metro. The judge duly recognized that there is no statute, case law, or rule in New Jersey that addresses whether an employee's at-will status is a relevant consideration in analyzing whether an employee has a reasonable expectation of continued employment. Here, the record contains ample evidence to support the judge's conclusion that the parties entered into the Agreement and stipulated that defendant was an at-will employee.

N.J.S.A. 14A:12-7(1)(c) sets forth the circumstances under which a shareholder oppression action may be brought:

> [where] the directors or those in control have acted fraudulently or illegally, mismanaged the corporation, or abused their authority as officers or directors or have acted oppressively or unfairly toward one or

more minority shareholders in their capacities as shareholders directors, officers, or employees.

Oppression in the context of an oppressed minority shareholder action, however, does not require illegality or fraud by majority shareholders or directors. Brenner v. Berkowitz, 134 N.J. 488, 506 (1993). Indeed, "[o]ppression has been defined as frustrating a shareholder's reasonable expectations." Ibid.

If a court determines that a person is an oppressed minority shareholder, it may in its discretion impose equitable remedies, such as the appointment of a custodian, or the sale of stock. Id. at 504, 510. The Legislature recognized that minority shareholders in close corporations are uniquely vulnerable because they may be frozen out of the decision making process. Id. at 505. Oppression in an oppressed minority shareholder context does not require illegality or fraud by majority shareholders or directors. Id. at 506-07. First the court must determine the shareholders' expectations of the corporation. See Exadaktilos v. Cinnaminson Realty Co., Inc., 167 N.J. Super. 141, 154-55 (Law Div. 1979).

The complaining shareholder has the burden to demonstrate a nexus between the alleged oppressive conduct and his or her interest in the corporation. Brenner, 134 N.J. at 508. In determining that nexus, "[t]he court has discretion to determine which factors are pertinent to its evaluation of the

A-0275-17T4

quality and nature of the misconduct . . . ." Ibid. A minority shareholder's expectations must also be balanced against the corporation's ability to exercise its judgment to run its business efficiently. Muellenberg, 143 N.J. at 179 (citing Brenner, 134 N.J. at 517).

Defendant is not challenging her at-will status. Rather, she urges this court to consider the potential interplay between at-will status and a minority shareholder's "reasonable" expectations of continued employment. She asserts that it was error for the court to conclude she was legitimately terminated.

Termination of a minority shareholder's employment may constitute oppression under N.J.S.A. 14A:12-7(1)(c), because a person who acquires a minority share in a closely-held corporation often does so "but for the assurance of employment in the business in a managerial position." Muellenberg, 143 N.J. at 181. Such a person thus has a reasonable expectation that they will enjoy "the security of long-term employment and the prospect of financial return in the form of salary," and will have "a voice in the operation and management of the business and the formulation of its plans for future development." Ibid. Where these expectations are frustrated by majority shareholders or directors, a court may find that oppression has occurred. See Musto v. Vidas, 281 N.J. Super. 548, 557-58 (App. Div. 1995).

A-0275-17T4

As the judge noted, the language in the section of the Agreement entitled "Employment Relationship/Non-Compete/Non-Solicitation" is specific and provides:

> (a)    The Shareholders hereby agree to the following terms and conditions with regard to their continuing employment with [Metro]:
>
> . . . .
>
> (iii)  Each Shareholder acknowledges that she is an "employee at[-]will" and thus can be terminated by the Corporation at any time for any reason . . . .

Defendant's at-will status was simply one of a myriad of uncontested facts taken into account by Judge Dow. Defendant relies on several unpublished out-of-state cases, which we neither cite, R. 1:36-3, nor find persuasive. Saliently, there were no written employment agreements in those cases, and their holdings differentiate between wrongful termination as being a wholly separate cause of action from an oppressed shareholder's potential expectation of continued employment. Therefore, defendant's reliance upon those cases is unfounded.

Judge Dow correctly concluded that defendant had no reasonable expectation of continuing employment with Metro and she correctly dismissed defendant's claim a second time.

A-0275-17T4

To the extent we have not addressed defendant's remaining arguments, we find them without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0275-17T4